

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-92,955-01 AND WR-92,955-02

### EX PARTE ANTONIO REY DELATORRE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. B-07-2198-0-CR-B-2 AND B-07-2197-0-CR-B-2
### IN THE 156TH DISTRICT COURT
### FROM BEE COUNTY

*Per curiam.*

## O R D E R

Applicant pleaded guilty in the -01 case to two counts of delivery of a controlled substance, three counts of engaging in organized criminal activity, one count of possession of a firearm by a felon, and one count of delivery of a controlled substance. On the same date, he pleaded guilty in the -02 case to one count of possession with intent to deliver a controlled substance, two counts of engaging in organized criminal activity, and one count of delivery of a controlled substance. In the -01 case, Applicant received four ten-year sentences and two fifteen-year sentences, and in the -02 case he received two fifteen-year sentences, one ten-year sentence, and one two-year state jail sentence. The sentences in all counts of both indictments were ordered to run concurrently.

Applicant did not appeal his convictions. Applicant filed these application for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he is being denied due process because he has not been afforded a timely parole revocation hearing in these cases. Applicant has alleged facts that, if true, might entitle him to relief. Tex. Gov't Code §508.282. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall state when Applicant was arrested, and whether Applicant was arrested pursuant to a parole revocation warrant, or for a new criminal offense or offenses. If Applicant was arrested for a new criminal offense or offenses, the response shall state whether Applicant has been indicted for or otherwise formally charged with a new offense or offenses. The response shall also state whether Applicant was advised of his rights in the parole revocation process, and whether he requested or waived a preliminary or final revocation hearing. If Applicant did not waive his rights to such hearings, the response shall state whether Applicant has been afforded a preliminary or final revocation hearing.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is being afforded due process in the parole revocation proceedings. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: August 25, 2021
Do not publish